**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| MARQUETTE MARSHALL, Pro Se | |
| Plaintiff, | **COMPLAINT** |
| v. | |
| JP MORGAN CHASE BANK N.A , Defendant. | |

RCVD - USDC COLA SC
DEC 29 '25 PM 2:38

# COMPLAINT

NOW COMES Plaintiff, **Marquette Marshall**, appearing *pro se*, and for his Complaint against Defendant, **JP Morgan Chase Bank, N.A.**, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to **28 U.S.C. § 1332**, as the parties are citizens of different states and the amount in controversy exceeds **$75,000**, exclusive of interest and costs.

2. Venue is proper in this District under **28 U.S.C. § 1391**, because a substantial part of the events or omissions giving rise to this action occurred within the District of South Carolina and Plaintiff resides in this District.

**PARTIES**

3. Plaintiff **Marquette Marshall** is a natural person residing in **Aiken, South Carolina**.

4. Defendant **JP Morgan Chase Bank, N.A.** is a national banking association with its principal place of business at **270 Park Avenue, New York, New York 10017**, and is authorized to conduct business in the State of South Carolina.

## FACTUAL BACKGROUND

5. Plaintiff engaged in a commercial transaction involving the tender and authorization of rights classified as **general intangibles** under the Uniform Commercial Code.

6. Defendant is a financial institution that routinely receives, processes, retains, and accounts for customer-submitted applications and related documentation as part of its ordinary commercial operations.

7. On or about **October 23, 2025**, Plaintiff transmitted to Defendant, via **United States Postal Service certified mail,** a completed application and accompanying documents authorizing Defendant's use and retention of the submitted information for commercial and internal accounting purposes.

8. The transmitted materials expressly stated the terms governing acceptance, including that Defendant's retention of the documents beyond a specified period constituted acceptance of the tendered rights and completion of Plaintiff's performance.

9. Plaintiff fully performed by delivering the application and supporting documents in accordance with the stated terms.

10. Plaintiff's performance is evidenced by United States Postal Service records, including **PS Form 3811 (return receipt), PS Form 3877** bearing a postal employee's signature, and **PS Form 3817** reflecting certified mailing.

11. The application and supporting materials provided Defendant with valuable information and authorized rights used in Defendant's commercial and internal accounting processes.

12. On **October 27, 2025**, Defendant received the certified mailing at its **New York, New York** location, as confirmed by the executed PS Form 3811 return receipt.

13. Defendant retained the application and supporting documents following receipt and did not return or reject the materials within the stated period.

14. On **October 31, 2025**, Plaintiff received a telephone call from Defendant's Executive Suite, during which Defendant acknowledged receipt and continued possession of Plaintiff's documents. Plaintiff maintains a recording of this call.

15. During that communication, Plaintiff advised Defendant that retention of the documents constituted acceptance under the stated terms and that Defendant had associated duties to

perform.

16. Defendant's representative stated that the matter would be reviewed and that Defendant would retain the documents.

17. On **November 6, 2025,** Defendant communicated by email that it would not perform the duties associated with the retained materials, while continuing to maintain possession of the application and supporting documents.

18. On **November 17, 2025,** Plaintiff again contacted Defendant by email and telephone, addressing correspondence to Defendant's senior management, notifying Defendant of its continued nonperformance while retaining Plaintiff's documents.

19. On **November 18, 2025,** Defendant, through an Executive Suite employee, stated by email that the matter would be researched; however, Defendant continued to retain the materials without performing the associated duties.

20. On **November 26, 2025,** Plaintiff sent additional written notice to Defendant's Chief Financial Officer, advising Defendant of its ongoing nonperformance and continued possession of Plaintiff's submitted materials. Plaintiff also left recorded voicemail messages seeking resolution and received no response.

21. On **December 1, 2025,** Plaintiff sent further notice to Defendant by certified mail, again advising Defendant of its failure to perform while retaining Plaintiff's documents and notifying Defendant of Plaintiff's intent to pursue legal remedies.

22. Defendant received the December 1, 2025 certified mailing at its New York, New York office on **December 5, 2025,** as reflected in USPS delivery records.

23. At all relevant times, Defendant retained Plaintiff's application and supporting documents and did not return the materials or perform the duties associated with their acceptance and use.

24. Defendant's continued retention of Plaintiff's submitted materials without performance has interfered with Plaintiff's ability to account for and access credit and has caused commercial harm to Plaintiff.

**COUNT I – BREACH OF CONTRACT**

25. Plaintiff incorporates by reference **Paragraphs 1 through 24** as though fully set forth herein.

26. A valid and enforceable contract existed between Plaintiff and Defendant.

27. Plaintiff performed all conditions, covenants, and obligations required of him under the contract, or such performance was excused by Defendant's conduct.

28. Defendant materially breached the contract by failing to perform its obligations and by refusing to return Plaintiff's valuable consideration, despite acknowledging receipt and retaining the documents.

29. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including loss of access to credit, accounting impairment, commercial disruption, and other financial harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant and award:

a. Compensatory damages in an amount to be determined at trial;
b. Consequential and expectation damages;
c. Costs of this action;
d. Such equitable or injunctive relief as the Court deems proper; and
e. Such other and further relief as the Court finds just and appropriate.

DATED this **18th day of December, 2025.**

Respectfully submitted,

**Marquette Marshall**
Plaintiff, *Pro Se*
Aiken, South Carolina

## UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | |
|---|---|
| MARQUETTE MARSHALL, Pro Se | |
| Plaintiff, | COMPLAINT |
| v. | |
| JP MORGAN CHASE BANK N.A , Defendant. | |

# COMPLAINT

NOW COMES Plaintiff, **Marquette Marshall**, appearing *pro se*, and for his Complaint against Defendant, **JP Morgan Chase Bank, N.A.**, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to **28 U.S.C. § 1332**, as the parties are citizens of different states and the amount in controversy exceeds **$75,000**, exclusive of interest and costs.

2. Venue is proper in this District under **28 U.S.C. § 1391**, because a substantial part of the events or omissions giving rise to this action occurred within the District of South Carolina and Plaintiff resides in this District.

**PARTIES**

3. Plaintiff **Marquette Marshall** is a natural person residing in **Aiken, South Carolina**.

4. Defendant **JP Morgan Chase Bank, N.A.** is a national banking association with its principal place of business at **270 Park Avenue, New York, New York 10017**, and is authorized to conduct business in the State of South Carolina.

**FACTUAL BACKGROUND**

5.  Plaintiff engaged in a commercial transaction involving the tender and authorization of rights classified as **general intangibles** under the Uniform Commercial Code.

6.  Defendant is a financial institution that routinely receives, processes, retains, and accounts for customer-submitted applications and related documentation as part of its ordinary commercial operations.

7.  On or about **October 23, 2025,** Plaintiff transmitted to Defendant, via **United States Postal Service certified mail,** a completed application and accompanying documents authorizing Defendant's use and retention of the submitted information for commercial and internal accounting purposes.

8.  The transmitted materials expressly stated the terms governing acceptance, including that Defendant's retention of the documents beyond a specified period constituted acceptance of the tendered rights and completion of Plaintiff's performance.

9.  Plaintiff fully performed by delivering the application and supporting documents in accordance with the stated terms.

10. Plaintiff's performance is evidenced by United States Postal Service records, including **PS Form 3811 (return receipt), PS Form 3877** bearing a postal employee's signature, and **PS Form 3817** reflecting certified mailing.

11. The application and supporting materials provided Defendant with valuable information and authorized rights used in Defendant's commercial and internal accounting processes.

12. On **October 27, 2025,** Defendant received the certified mailing at its **New York, New York** location, as confirmed by the executed PS Form 3811 return receipt.

13. Defendant retained the application and supporting documents following receipt and did not return or reject the materials within the stated period.

14. On **October 31, 2025,** Plaintiff received a telephone call from Defendant's Executive Suite, during which Defendant acknowledged receipt and continued possession of Plaintiff's documents. Plaintiff maintains a recording of this call.

15. During that communication, Plaintiff advised Defendant that retention of the documents constituted acceptance under the stated terms and that Defendant had associated duties to

perform.

16. Defendant's representative stated that the matter would be reviewed and that Defendant would retain the documents.

17. On **November 6, 2025,** Defendant communicated by email that it would not perform the duties associated with the retained materials, while continuing to maintain possession of the application and supporting documents.

18. On **November 17, 2025,** Plaintiff again contacted Defendant by email and telephone, addressing correspondence to Defendant's senior management, notifying Defendant of its continued nonperformance while retaining Plaintiff's documents.

19. On **November 18, 2025,** Defendant, through an Executive Suite employee, stated by email that the matter would be researched; however, Defendant continued to retain the materials without performing the associated duties.

20. On **November 26, 2025,** Plaintiff sent additional written notice to Defendant's Chief Financial Officer, advising Defendant of its ongoing nonperformance and continued possession of Plaintiff's submitted materials. Plaintiff also left recorded voicemail messages seeking resolution and received no response.

21. On **December 1, 2025,** Plaintiff sent further notice to Defendant by certified mail, again advising Defendant of its failure to perform while retaining Plaintiff's documents and notifying Defendant of Plaintiff's intent to pursue legal remedies.

22. Defendant received the December 1, 2025 certified mailing at its New York, New York office on **December 5, 2025,** as reflected in USPS delivery records.

23. At all relevant times, Defendant retained Plaintiff's application and supporting documents and did not return the materials or perform the duties associated with their acceptance and use.

24. Defendant's continued retention of Plaintiff's submitted materials without performance has interfered with Plaintiff's ability to account for and access credit and has caused commercial harm to Plaintiff.

**COUNT I – BREACH OF CONTRACT**

25. Plaintiff incorporates by reference **Paragraphs 1 through 24** as though fully set forth herein.

26. A valid and enforceable contract existed between Plaintiff and Defendant.

27. Plaintiff performed all conditions, covenants, and obligations required of him under the contract, or such performance was excused by Defendant's conduct.

28. Defendant materially breached the contract by failing to perform its obligations and by refusing to return Plaintiff's valuable consideration, despite acknowledging receipt and retaining the documents.

29. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including loss of access to credit, accounting impairment, commercial disruption, and other financial harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant and award:

a. Compensatory damages in an amount to be determined at trial;
b. Consequential and expectation damages;
c. Costs of this action;
d. Such equitable or injunctive relief as the Court deems proper; and
e. Such other and further relief as the Court finds just and appropriate.

DATED this **18th day of December, 2025.**

Respectfully submitted,

**Marquette Marshall**
Plaintiff, *Pro Se*
Aiken, South Carolina

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| MARQUETTE MARSHALL,Pro Se<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK N.A ,<br>Defendant. | COMPLAINT |

# COMPLAINT

NOW COMES Plaintiff, **Marquette Marshall**, appearing *pro se*, and for his Complaint against Defendant, **JP Morgan Chase Bank, N.A.**, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to **28 U.S.C. § 1332**, as the parties are citizens of different states and the amount in controversy exceeds **$75,000**, exclusive of interest and costs.

2. Venue is proper in this District under **28 U.S.C. § 1391**, because a substantial part of the events or omissions giving rise to this action occurred within the District of South Carolina and Plaintiff resides in this District.

## PARTIES

3. Plaintiff **Marquette Marshall** is a natural person residing in **Aiken, South Carolina**.

4. Defendant **JP Morgan Chase Bank, N.A.** is a national banking association with its principal place of business at **270 Park Avenue, New York, New York 10017**, and is authorized to conduct business in the State of South Carolina.

## FACTUAL BACKGROUND

5. Plaintiff engaged in a commercial transaction involving the tender and authorization of rights classified as **general intangibles** under the Uniform Commercial Code.

6. Defendant is a financial institution that routinely receives, processes, retains, and accounts for customer-submitted applications and related documentation as part of its ordinary commercial operations.

7. On or about **October 23, 2025,** Plaintiff transmitted to Defendant, via **United States Postal Service certified mail,** a completed application and accompanying documents authorizing Defendant's use and retention of the submitted information for commercial and internal accounting purposes.

8. The transmitted materials expressly stated the terms governing acceptance, including that Defendant's retention of the documents beyond a specified period constituted acceptance of the tendered rights and completion of Plaintiff's performance.

9. Plaintiff fully performed by delivering the application and supporting documents in accordance with the stated terms.

10. Plaintiff's performance is evidenced by United States Postal Service records, including **PS Form 3811 (return receipt), PS Form 3877** bearing a postal employee's signature, and **PS Form 3817** reflecting certified mailing.

11. The application and supporting materials provided Defendant with valuable information and authorized rights used in Defendant's commercial and internal accounting processes.

12. On **October 27, 2025,** Defendant received the certified mailing at its **New York, New York** location, as confirmed by the executed PS Form 3811 return receipt.

13. Defendant retained the application and supporting documents following receipt and did not return or reject the materials within the stated period.

14. On **October 31, 2025,** Plaintiff received a telephone call from Defendant's Executive Suite, during which Defendant acknowledged receipt and continued possession of Plaintiff's documents. Plaintiff maintains a recording of this call.

15. During that communication, Plaintiff advised Defendant that retention of the documents constituted acceptance under the stated terms and that Defendant had associated duties to

perform.

16. Defendant's representative stated that the matter would be reviewed and that Defendant would retain the documents.

17. On **November 6, 2025**, Defendant communicated by email that it would not perform the duties associated with the retained materials, while continuing to maintain possession of the application and supporting documents.

18. On **November 17, 2025**, Plaintiff again contacted Defendant by email and telephone, addressing correspondence to Defendant's senior management, notifying Defendant of its continued nonperformance while retaining Plaintiff's documents.

19. On **November 18, 2025**, Defendant, through an Executive Suite employee, stated by email that the matter would be researched; however, Defendant continued to retain the materials without performing the associated duties.

20. On **November 26, 2025**, Plaintiff sent additional written notice to Defendant's Chief Financial Officer, advising Defendant of its ongoing nonperformance and continued possession of Plaintiff's submitted materials. Plaintiff also left recorded voicemail messages seeking resolution and received no response.

21. On **December 1, 2025**, Plaintiff sent further notice to Defendant by certified mail, again advising Defendant of its failure to perform while retaining Plaintiff's documents and notifying Defendant of Plaintiff's intent to pursue legal remedies.

22. Defendant received the December 1, 2025 certified mailing at its New York, New York office on **December 5, 2025,** as reflected in USPS delivery records.

23. At all relevant times, Defendant retained Plaintiff's application and supporting documents and did not return the materials or perform the duties associated with their acceptance and use.

24. Defendant's continued retention of Plaintiff's submitted materials without performance has interfered with Plaintiff's ability to account for and access credit and has caused commercial harm to Plaintiff.

**COUNT I – BREACH OF CONTRACT**

25. Plaintiff incorporates by reference **Paragraphs 1 through 24** as though fully set forth herein.

26. A valid and enforceable contract existed between Plaintiff and Defendant.

27. Plaintiff performed all conditions, covenants, and obligations required of him under the contract, or such performance was excused by Defendant's conduct.

28. Defendant materially breached the contract by failing to perform its obligations and by refusing to return Plaintiff's valuable consideration, despite acknowledging receipt and retaining the documents.

29. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including loss of access to credit, accounting impairment, commercial disruption, and other financial harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant and award:

a. Compensatory damages in an amount to be determined at trial;
b. Consequential and expectation damages;
c. Costs of this action;
d. Such equitable or injunctive relief as the Court deems proper; and
e. Such other and further relief as the Court finds just and appropriate.

DATED this **18th day of December, 2025.**

Respectfully submitted,

**Marquette Marshall**
Plaintiff, *Pro Se*
Aiken, South Carolina