IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Marquette Marshall, | ) | C/A No. 1:25-14015-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| J.P. Morgan Chase N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Marquette Marshall, proceeding *pro se*, brings this civil action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915. Having reviewed the Amended Complaint in accordance with applicable law, the court concludes this case should be summarily dismissed without prejudice and without issuance and service of process.[1]

**I.	Factual and Procedural Background**

Plaintiff alleges that, in January 2025, he "initiated contact with Leman's Chevy City . . . regarding a potential transaction involving a 2025 Chevrolet Corvette Z06 3LZ." (ECF No. 6 at 2.) He alleges that he "transmitted certain materials" to the dealership, "including personal identifying information, a tender document, and Plaintiff's driver's license." (Id.) Plaintiff contends that he "provided explicit instructions regarding the permitted use of" this information. (Id.) Plaintiff alleges that the dealership informed Plaintiff that the information "would be

---

[1] Plaintiff submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO240), which the court construed as a motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915. (ECF No. 3.) A review of the motion reveals that Plaintiff should be relieved of the obligation to prepay the full filing fee. Therefore, Plaintiff's motion for leave to proceed *in forma pauperis* is granted.

forwarded to multiple financial institutions," including Defendant. (Id. at 3.) Plaintiff alleges that, initially, Defendant falsely indicated that it could not proceed because Plaintiff's credit profile was frozen. (Id.) Plaintiff filed a complaint with the Consumer Financial Protection Bureau, to which Defendant responded by "admitting that it had processed Plaintiff's information but stating that it did not intend to perform further." (Id.) Plaintiff alleges that, in a subsequent response, Defendant "admitted that it had processed and retained Plaintiff's Information and did not return it." (Id.) Plaintiff contends that Defendant "did not return, delete, or cease use of Plaintiff's Information." (Id.) He asserts a claim for breach of contract and seeks monetary damages.

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

The court concludes that this case is duplicative of Plaintiff's previous case against Defendant and should be dismissed as frivolous. See Marshall v. J.P. Morgan Chase, C/A No. 1:25-2556-JFA. Generally, duplicative litigation within the federal courts is disfavored. See generally Stone v. Dep't of Aviation, 453 F.3d 1271, 1278 (10th Cir. 2006) ("A plaintiff's obligation to bring all related claims together in the same action arises under the common law rule of claim preclusion prohibiting the splitting of actions."); Motley Rice, LLC v. Baldwin & Baldwin, LLP, 518 F. Supp. 2d 688, 697 (D.S.C. 2007) (quoting Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir.1993)). Therefore, courts should dismiss successive actions that are duplicative or redundant of cases already filed in the same court. See Cottle v. Bell, 229 F.3d 1142 (4th Cir. 2000) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e).") (citing Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992)); McWilliams v. State of Colo., 121 F.3d 573, 574 (10th Cir. 1997) (" 'Repetitious litigation of virtually identical causes of action' may be dismissed under § 1915 as frivolous or malicious.") (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir.1988)); Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989) ("To this end, IFP complaints

may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff."); see also Brown v. Plansky, 24 F. App'x 26, 27-28 (2d Cir. 2001) (affirming the district court's *sua sponte* dismissal of a complaint that was duplicative of an action previously brought by the plaintiff).

Moreover, to the extent any portion of this action is not duplicative, it is subject to summary dismissal for the reasons stated in the court's November 5, 2025 Report and Recommendation in Marshall v. J.P. Morgan Chase, namely that Plaintiff's claim rests on an untenable sovereign citizen legal theory. See C/A No. 1:25-2556-JFA, Report and Recommendation, ECF No. 26.

### III.  Conclusion

Accordingly, the court recommends that the Amended Complaint be summarily dismissed without prejudice and without issuance and service of process.

February 4, 2026  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).