IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marquette Marshall, | C/A No. 1:25-cv-14015-JFA-PJG |
| Plaintiff, | |
| v. | **ORDER** |
| JP Morgan Chase Bank N.A., | |
| Defendant. | |

**I.     INTRODUCTION**

Marquette Marshall ("Plaintiff"), proceeding pro se, brings this action averring several claims against JP Morgan Chase Bank. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

Specifically, the Magistrate Judge assigned to this action performed an initial review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). After reviewing the operative complaint, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 10). Within the Report, the Magistrate Judge opines that this action should be summarily dismissed. *Id.*

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Thereafter, Plaintiff filed objections. (ECF No. 16). Thus, this matter is ripe for review.

## II.  STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation

to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 10). The Report ultimately concludes that this action is duplicative of prior frivolous litigation and should be summarily dismissed. Plaintiff lodges two objections to the Report. Each is addressed in turn.

Initially, Plaintiff avers that "the Report misapplies the duplicative-litigation doctrine by treating a prior procedural dismissal as concurrent litigation." (ECF No. 16, p. 1). Plaintiff essentially alleges that a bar on duplicative litigation applies only when a

3

plaintiff maintains two separate actions involving the same subject matter and the same parties at the same time. Plaintiff reasons that an earlier dismissal of identical claims should not bar this lawsuit. Plaintiff is incorrect.

Numerous courts have held that when screening a case pursuant to § 1915, repetitive actions are subject to summary dismissal when asserting claims identical to those previously dismissed. *McWilliams v. State of Colo.*, 121 F.3d 573, 575 (10th Cir. 1997)("Mr. McWilliams' present suit is duplicative of his earlier action, and therefore was appropriately dismissed as frivolous under § 1915(e)."); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) ("To this end, IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff."); *see also Brown v. Plansky*, 24 F. App'x 26, 27-28 (2d Cir. 2001) (affirming the district court's *sua sponte* dismissal of a complaint that was duplicative of an action previously brought by the plaintiff).

Thus, Plaintiff's contention that both cases must be active to incur dismissal as duplicative is incorrect and the objection is overruled. Plaintiff also avers that his prior lawsuit was dismissed pursuant to a "procedural wavier" and was not a substantive adjudication on the merits. (ECF No. 16, p. 2). If true, this determination is irrelevant as both lawsuits assert identical frivolous arguments. However, a review of Plaintiff's prior action shows that it was indeed dismissed after a thorough review and substantive analysis. *See* C/A No. 1:25-2556-JFA, Report and Recommendation, ECF No. 26. Accordingly, Plaintiff's baseless assertions to the contrary are meritless.

In his second objection, Plaintiff asserts that the "Report fails to conduct an independent Rule 8 and plausibility analysis of the operative complaint." (ECF No. 16, p. 2). Here again, Plaintiff is incorrect, The Report clearly states that the Magistrate Judge conducted a review of Plaintiff's complaint and found it to be duplicative of Plaintiff's previous case. Accordingly, Plaintiff's claims were subject to summary dismissal as duplicative or, alternatively, subject to dismissal as frivolous for the same reasons discussed in the order disposing of Plaintiff's prior action. The undersigned has conducted a *de novo* review of Plaintiff's amended complaint and agrees that it is duplicative of Plaintiff's prior frivolous claims and therefore should be dismissed. Plaintiff's objections are therefore overruled.

### IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 10). For the reasons discussed above and in the Report, the Amended Complaint is summarily dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

February 23, 2026                     Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge